Exhibit A

# ROBINSON & COLE LLP

STAMFORD • GREENWICH • NEW YORK • BOSTON • HARTFORD

LAW OFFICES
www.rc.com

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
203-462-7500
Fax 203-462-7599

David J. Burke
203-462-7507
dburke@rc.com

Also admitted in New York

January 4, 2002

***VIA FEDERAL EXPRESS***
Mr. Louis Gunsberg
Pit Stop Technologies, Inc.
7100 West 16th Avenue
Lakewood, CO 80215

Re: **Scope of Legal Engagement**

Dear Mr. Gunsberg:

  Thank you for choosing Robinson & Cole LLP to represent Pit Stop Technologies, Inc. in the matter about to be filed in the U.S. District Court for the District of Connecticut. This letter sets forth the terms of my firm's representation of your company. We believe, and our rules of practice require, that it is in our mutual interests to define in this letter the entity that we represent and the scope of our engagement.

### *1. Scope of Engagement*

  In this engagement, Robinson & Cole LLP represents Pit Stop Technologies, Inc. We have not been engaged to represent any other individuals nor have we been engaged to represent any of Pit Stop Technologies, Inc.'s affiliates, sister corporations or related entities. The scope of our legal services will be to represent Pit Stop Technologies, Inc.

STAM1-704110-1

Mr. Louis Gunsberg
January 4, 2002
Page 2

entities. The scope of our legal services will be to represent Pit Stop Technologies, Inc. in the matter about to be filed in the U.S. District Court for the District of Connecticut against Plas-Pak Industries, Inc., up through and including a trial, if necessary. Additionally, if necessary, we will represent Pit Stop Technologies, Inc. on a direct appeal. Our fee agreement set forth in this letter will apply through the direct appeal.

We have agreed that our engagement in this matter does not involve an undertaking to represent your company in other matters. For instance, under this engagement we are not representing Pit Stop Technologies, Inc. in any tax proceedings, debarment proceedings or other regulatory or administrative matters, either generally or in relation to the matter we are about to file in the U.S. District Court for the District of Connecticut. Additionally, our present engagement does not include responsibility for review of your insurance policies to assess possible coverage, for notification of insurance carriers about this matter or for advice regarding disclosure obligations under securities or other applicable laws. I would be happy to discuss with you our engagement for those purposes, but any such engagement will be subject to a separate, mutually acceptable agreement.

### 2. *Responsible Attorney*

I will be the attorney with primary responsibility for the management of your company's case, although in the event of scheduling difficulties or in the interest of efficiency, other qualified attorneys might assist me in the company's representation. Diane Bucci will assist me in this matter and perform much of the work necessary within the scope of the representation.

### 3. *Billing*

The billing for our professional services is done on an hourly basis. My hourly billing rate is $260.00. Diane Bucci's billing rate is $160.00 per hour. The rates of other attorneys in this firm who might assist in the company's representation range from $120.00 to $450.00 per hour. Paralegal rates range from $80 to $130 per hour. We annually review our rates in January and they may change at that time. In addition to the hourly fee for our services, my firm bills for out-of-pocket disbursements that are necessarily incurred. The total fees and costs for this matter are not predictable and thus we have made no commitments in that regard.

Mr. Louis Gunsberg
January 4, 2002
Page 3

We will bill you on a monthly basis, using a detailed bill format that shows the amount of time spent, the name of the legal professional who performed the work, and the applicable hourly rate. To the extent there are disbursement costs that are incurred during the course of our representation (e.g., sheriff's fees, transcript costs, expert fees (including expert retainers), etc.), those costs will be detailed separately on our invoices. We will not charge for expenses such as postage, photocopies or routine telephone expenses. Should there be any item on a bill that requires clarification, you should consult with me as soon as possible.

### 4. *Termination*

Pit Stop Technologies, Inc. may terminate our representation at any time by notifying us. The company's termination of our services will not affect its responsibility for payment of outstanding statements and accrued fees and expenses incurred before termination or incurred thereafter in connection with an orderly transition of the matter. If such termination occurs, the company's papers and property will be returned promptly upon receipt of payment for outstanding fees and costs. Our own firm files pertaining to the matter will be retained. These firm files include, for example, firm administrative records, time and expense reports, personnel and staffing materials, and credit and accounting records; and internal lawyers' work product such as drafts, notes, internal memoranda, and legal and factual research, including investigative reports, prepared by or for the internal use of lawyers.

We may withdraw from representation if the company fails to fulfill its obligations under this agreement, including its obligation to pay our fees and expenses and its obligation to cooperate fully with us in the defense of this matter, or as permitted or required under any applicable standards of professional conduct or rules of court, or upon our reasonable notice to the company.

### 5. *Conclusion of Representation; Retention and Disposition of Documents*

Unless previously terminated, our representation of Pit Stop Technologies, Inc. will conclude upon our sending you our final statement for services rendered in this matter. Following such conclusion, any otherwise nonpublic information the company has supplied to us and which is retained by us will be kept confidential in accordance with applicable rules of professional conduct. At the company's request, its papers and property will be returned promptly upon receipt of payment for outstanding fees and

Mr. Louis Gunsberg
January 4, 2002
Page 4

costs. Our own files pertaining to the matter will be retained by the firm. All such documents retained by the firm will be transferred to the person responsible for administering our records retention program. For various reasons, including the minimization of unnecessary storage expenses, we reserve the right to destroy or otherwise dispose of any such documents or other materials retained by us within a reasonable time after the termination of the engagement.

### 6. *Post-Engagement Matters*

Pit Stop Technologies, Inc. is engaging the firm to provide legal services in connection with the specific matter as defined above. After completion of the matter, changes may occur in the applicable laws or regulations that could have an impact upon the company's future rights and liabilities. Unless the company engages us after completion of the matter to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise the company with respect to future legal developments.

### 7. *Future Conflicts*

Our firm represents many other companies and individuals. It is possible that during the time that we are representing your company, some of our present or future clients will have disputes or transactions with your company. Pit Stop Technologies, Inc. agrees that we may continue to represent or may undertake in the future to represent existing or new clients in any matter that is not substantially related to our work for the company, even if the interests of such clients in those other matters are adverse to Pit Stop Technologies, Inc. We agree, however, that your company's prospective consent to our representation of other clients shall not apply in any instance where, as a result of our representation of your company, we have obtained from you proprietary or other confidential information of a nonpublic nature, that, if known to such other client, could be used by that client to your material disadvantage.

If the terms of this engagement are acceptable to you, please sign the enclosed copy of this letter and return it to me. A duplicate original is enclosed for your files. In signing this engagement letter, you acknowledge that you are authorized to bind

Mr. Louis Gunsberg
January 4, 2002
Page 5

Pit Stop Technologies, Inc. for this engagement. If you have any questions about our billing procedures, or about this matter generally, please give me a call.

                                      Very truly yours,

                                      David J. Burke

The above-described engagement
is agreed to.

Pit Stop Technologies, Inc.

By _____
    Louis Gunsberg

Its _____Louis Gunsberg_____        Date: __2/21/02__
    President