## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PIT STOP TECHNOLOGIES, INC. | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 3:02CV64 |
| v. | ) | (AVC) |
| | ) | |
| PLAS-PAK INDUSTRIES, INC. | ) | |
| | ) | JANUARY 7, 2004 |
| Defendant | ) | |

### DEFENDANT PLAS-PAK INDUSTRIES, INC. MEMORANDUM IN OPPOSITION TO THE MOTIONS OF DAVID J. BURKE AND DIANE BUCCI TO WITHDRAW THEIR APPEARANCES IN THE PRESENT ACTION

Plas-Pak Industries, Inc., ("Plas-Pak") opposes the motions of David J. Burke and Diane Bucci to withdraw their appearances in the present action for the reasons set forth herein.

The present action was filed by Pit Stop Technologies, Inc., ("Pit Stop") on January 10, 2002. Plas-Pak filed a counterclaim for moneys owing in the amount of $2,994.95. As the Court's docket will show, Plas-Pak encountered substantial difficulties in obtaining discovery responses from Pit Stop, and this Court held a discovery conference on August 19, 2003 and entered an order dated August 19, 2003 establishing discovery cutoff dates including the disclosure of experts and reports.

Attached as Exhibit A are copies of correspondence between Plas-Pak counsel and Pit Stop counsel relative to Plas-Pak's efforts to obtain for inspection the materials which had been furnished to Pit Stop's expert to generate his opinion. These were to be reviewed by

1

Plas-Pak's expert to prepare the defense to the claims of Pit Stop. Pit Stop's counsel repeatedly represented that the materials would be produced for inspection. As of this date, Pit Stop's counsel has not provided the discovery required by the Rules and promised to Plas-Pak's counsel.

Subsequent to receipt of the motions to withdraw, Plas-Pak counsel received a notice of the filing of a petition in bankruptcy under Chapter 7 by the principal of Pit Stop, Louis C. Gunsberg. A copy of the notice is attached as Exhibit B. It should be noted that this petition is filed by an individual and not the corporation. Moreover, Pit Stop is in the position of Plaintiff so that there is no automatic stay under the Bankruptcy Laws as to the claims of Pit Stop that would preclude this Court from continuing to place this case to trial or to dismissal.

If counsel for Pit Stop are permitted to withdraw their appearances, and, in view of the financial condition of Pit Stop and/or its principal Louis C. Gunsberg, it is unlikely that new counsel will appear and Plas-Pak will not be able to complete its discovery and bring this matter to a hearing. Moreover, the case may languish as a claim against Plas-Pak which it will be required to report until such time as this Court may enter default against Pit Stop for failure to prosecute this action.

PLC/28596/651/660588v1
01/07/04-HRT/

Accordingly, it is respectfully submitted that Pit Stop counsel should not be permitted

to withdraw their appearances until they have complied with the discovery obligations and/or

substitute counsel has appeared.

THE DEFENDANT
PLAS-PAK INDUSTRIES, INC.

By: _____

Peter L. Costas  ct04260
Michael A. Fusco ct21399
PEPE & HAZARD LLP
225 Asylum Street
Hartford, CT  06103
(860) 241-2630

3

## CERTIFICATION

I hereby certify a copy of the foregoing was served by facsimile and by first class mail,

postage prepaid, on this 7th day of January, 2004 to the following:

David Burke, Esquire
Diane Bucci, Esquire
Robinson & Cole LLP
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT  06904
Telephone:  203 462-7500

Philip J. O'Connor, Esquire
Gordon Muir & Foley
10 Columbus Boulevard
Hartford, CT  06106
Telephone: 860 525-5361

_____
Peter L. Costas

PLC/28596/651/660588v1
01/07/04-HRT/

# EXHIBIT A

# PEPE&HAZARD LLP

LAW OFFICES

225 ASYLUM STREET
HARTFORD, CONNECTICUT 06103-4302
860/522-5175 FACSIMILE 860/522-2796
www.pepehazard.com

PETER L. COSTAS
Attorney At Law
Direct: 860.241.2630
pcostas@pepehazard.com

December 18, 2003

**E-MAIL/MAIL**

Diane Bucci, Esq.
Robinson & Cole
695 East Main Street
Stamford CT 06904

Dear Diane:

> Pit Stop v. Plas-Pak
> Our File – 28596-651/PLAS

On December 9, 2003 you indicated that the materials were being sent to you by Mr. Tobin and that you would advise me of your schedule on the following day. It is now December 18, 2003 and we have not heard from you as to dates when we may inspect the materials. Also I expect your assurances that these are all of the materials and correspondence sent to Mr. Tobin or generated by him.

Please give this matter your earliest attention since we are more than a month behind schedule at this point.

Very truly yours,

Peter L. Costas

PLC:jas
cc:   Philip J. O'Connor – E-Mail
      Mr. Charles Frey – E-Mail

PLC/28596/651/658994v1
12/18/03-HRT/

## Costas, Peter

| | |
|---|---|
| **From:** | Bucci, Diane [dbucci@rc.com] |
| **Sent:** | Tuesday, December 09, 2003 1:42 PM |
| **To:** | Costas, Peter |
| **Cc:** | Burke, David J. |
| **Subject:** | RE: Pit Stop v. Plas-Pak |

In response to your correspondence of December 8, 2003, Mr. Tobin is forwarding the relevant materials to us today.   I am expecting a fax from the court on another matter tomorrow that will clarify my schedule for the next week.  I will contact you right after I recieve the court's fax to schedule the evidence inspection.

-----Original Message-----
**From:**  Schanck, Judy [mailto:JSCHANCK@PepeHazard.com]
**Sent:**  Monday, December 08, 2003 11:00 AM
**To:**  dbucci@rc.com; po'connor@gmflaw.com
**Subject:**   Pit Stop v. Plas-Pak

   << File: 657430_1.DOC >>

---------------------------------------------------------------------------

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it@rc.com and immediately delete this message and all its attachments.

---------------------------------------------------------------------------

12/9/2003

# PEPE&HAZARD LLP

LAW OFFICES

PETER L. COSTAS
Attorney At Law
‡Also Admitted in New York
Direct: 860.241.2630
pcostas@pepehazard.com

225 ASYLUM STREET
HARTFORD, CONNECTICUT  06103-4302
860/522-5175 FACSIMILE 860/522-2796
www.pepehazard.com

December 8, 2003

E-MAIL/MAIL

Diane Bucci, Esq.
Robinson & Cole LLP
695 East Main Street
Stamford CT  06904

Dear Diane:

Pit Stop v. Plas-Pak
Our File – 28596-651/PLAS

With reference to your letter of December 4, 2003, I have made it clear that we are looking to inspect all of the materials provided to, or generated by, Mr. Tobin in connection with his service as expert for Pit Stop.

See the third paragraph of my letter of November 4, 2003; the first paragraph of my letter of November 10, 2003; the last paragraph on page 2 of my letter of November 18, 2003; my two paragraph letter to you dated December 4, 2003; the last paragraph of my two page letter of December 4, 2003, and the second paragraph on page 1 of my three page letter of December 4, 2003.

To make it abundantly clear to you, we want to inspect all of the materials which were provided to Mr. Tobin and/or used by Mr. Tobin in preparing his report.

PLC/28596/651/657430v1
12/08/03-HRT/

PEPE&HAZARD LLP

December 8, 2003
Page 2


    Although I do not believe you can call Mr. Rowen to testify on his inspection since he was not designated as an expert, we also with·to see all materials provided to or used by Mr. Rowen in generating his letter.

Very truly yours,.

Peter L. Costas

PLC:jas
Cc:    Philip J. O'Connor, Esq.
       Mr. Charles Frey

# ROBINSON & COLE LLP

DIANE BUCCI

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
dbucci@rc.com
Direct (203) 462-7558

Also admitted in New York

December 4, 2003

*Via Facsimile & First Class Mail*

Peter L. Costas, Esq.
Pepe & Hazard LLP
225 Asylum Street
Hartford, CT  06103

**Re:  Pit Stop Technologies, Inc. v. Plas-Pak Industries, Inc.**

Dear Peter:

I forwarded your correspondence of today to my client for a response.  In the meantime, I asked you to clarify whether you wanted us to produce the specific material examined by our expert, or whether a sample of the material would suffice. You have not responded.

If you must see the specific syringes that were tested by Mr. Tobin, we can arrange to have them sent to this office, and you can come here to inspect them.   Otherwise, you are perfectly entitled to depose our expert.  Feel free to notice his deposition at any time.

As always, feel free to contact me with any questions or concerns.

Sincerely,

Diane Bucci

cc:  Phillip J. O'Conner
     David Burke

Law Offices

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

DEC 0 8 2003

# PEPE&HAZARD LLP

LAW OFFICES

225 ASYLUM STREET
HARTFORD, CONNECTICUT  06103-4302
860/522-5175 FACSIMILE 860/522-2796
www.pepehazard.com

PETER L. COSTAS
Attorney At Law
‡Also Admitted in New York
Direct: 860.241.2630
pcostas@pepehazard.com

December 4, 2003

**FEDERAL EXPRESS**

Attorney Diane Bucci
Robinson & Cole
695 East Main Street
Stamford CT  06904

Dear Diane:

> Pit Stop v. Plas-Pak
> Our File – 28596-651/PLAS

In an effort to move matters forward, I have asked the Plas-Pak expert to give us his report which is complete except for any observations he may wish to make following inspection of the materials which you have yet to produce.  We trust that the opportunity to conduct that inspection will occur shortly and without the need for a motion to compel or a notice to take the deposition of Mr. Tobin.

Please give this matter your early attention.

Very truly yours,

Peter L. Costas

PLC:jas
Enclosure
Cc:    Philip J. O'Connor, Esq.
       Mr. Charles Frey

PLC/28596/651/657044v1
12/04/03-HRT/

# PEPE&HAZARD LLP

LAW OFFICES

PETER L. COSTAS
Attorney At Law
‡Also Admitted in New York
Direct: 860.241.2630
pcostas@pepehazard.com

225 ASYLUM STREET
HARTFORD, CONNECTICUT  06103-4302
860/522-5175 FACSIMILE 860/522-2796
www.pepehazard.com

December 4, 2003

**FEDERAL EXPRESS**

Attorney Diane Bucci
Robinson & Cole
695 East Main Street
Stamford CT  06904

Dear Diane:

> Pit Stop v. Plas-Pak
> Our File – 28596-651/PLAS

With reference to your letter of December 1, 2003, thank you for sending the Pit Stop syringes.  Hopefully, you will soon provide us with the other specimens which I requested.

Turning now to the second paragraph of your letter, we are requesting the opportunity to examine each and every syringe cut and examined by Mr. Tobin.  It is these items upon which he predicates his opinion.

With respect to the fourth paragraph of your letter, you are mixing up production of the molds and production of syringes from the molds.  Our client did not make the molds itself, they were made by the mold maker.  Our client inquired of the mold maker as to whether they had any programs for cutting the molds.  The mold maker did have CNC machines when they made the molds, but they are unable to find the cutting programs for making the molds.

As to the second part of paragraph four, Plas-Pak used timers and relays to inject the plastic into the mold cavities when it was making the syringes for Pit Stop. The four cavity mold had a cycle of about 19 seconds and the eight cavity mold had a cycle of slightly less than 20 seconds.

PEPE&HAZARD LLP

Attorney Diane Bucci

December 4, 2003
Page 2

With respect to the fifth paragraph of your letter, I do not believe that you are entitled to know all of our client's customers. However, in the interest of moving matters forward, I am enclosing a listing of all of the invoices for customers who purchased the same syringe, albeit with different resin formulations or coloration. This document has been stamped "Confidential – Attorneys Eyes Only" and has been designated Bates No. 0277. The fourth column indicates the resin formulations.

For your information the following resins identified in the fourth column are low density polyethylene resins: S101, S103, S215A, S266A, S306, S318, S407, S407A, S407B, S555 and S608. The following are high density polyethylene resins: S267D, S267E and S325. S505 is a polypropylene resin.

With respect to paragraph six of your letter, a change in time does not change the sequence. The mold is always filled with molten plastic and is held closed while cooling water is circulated through it to cause the plastic to cool and set. When the plastic has set, the mold is opened and the parts are ejected from the mold. The mold then closes and the sequence is repeated. The sequence stays the same regardless of how long each part of the cycle may take.

With respect to the seventh paragraph of your letter, there was no change to the mold design, i.e., gate location, cooling channels and method of ejection.

With respect to the eighth paragraph of your letter, Document No. 0070 refers to a paper change - - meaning that there was a change in the resin formulation to make the same syringe for another customer, but they continued the inspection data on the existing sheet. Document No. 0071 refers to a change in pin not a change in bin. What this means is that they changed the cavity insert pin for the nozzle opening to produce a run of 3B39 which has a nozzle orifice diameter of 0.060 inch as compared to the 3B29 which has a nozzle orifice diameter of 0.025 inch. The parts are otherwise identical.

With respect to the ninth paragraph of your letter, we have stated on more than one occasion that the company has been unable to find all of the run sheets in the year 1998. We agree that they would be relevant, but we cannot produce that which we cannot find.

With respect to the tenth paragraph of your letter, we have asked that you provide the specimens which are the subject matter of Mr. Tobins' report. If we took his deposition, he would be required to produce those at the time of his deposition. We are trying to avoid taking his deposition, but, if that is what it requires to get us the specimens, we will do so.

PEPE&HAZARD LLP

Attorney Diane Bucci

December 4, 2003
Page 3


With respect to the eleventh paragraph of your letter, the second data sheet entitled "DuPont 20 Series" is the one pertinent to the relevant time period.

I trust this answers all of the questions in your letter.

Very truly yours,

Peter L. Costas

PLC:jas
Enclosure
Cc:     Philip J. O'Connor, Esq.
        Mr. Charles Frey

# PEPE&HAZARD LLP

LAW OFFICES

PETER L. COSTAS
Attorney At Law
‡Also Admitted in New York
Direct: 860.241.2630
pcostas@pepehazard.com

225 ASYLUM STREET
HARTFORD, CONNECTICUT  06103-4302
860/522-5175 FACSIMILE 860/522-2796
www.pepehazard.com

December 4, 2003

**E-MAIL/MAIL**

Attorney Diane Bucci
Robinson & Cole
695 East Main Street
Stamford CT  06904

Dear Diane:

> Pit Stop v. Plas-Pak
> Our File – 28596-651/PLAS

Thank you for your prompt response to our second set of interrogatories. Unfortunately, more detail is necessary for the process steps.

During the operation of filling syringes with the Polylite composition, is a filling machine utilized?  If so, how is the barrel of the syringe presented to the filling machine, and how is it held in place during filling?  Please advise us of the make and model of the filling machine and provide us with the manufacturer's operating manual.  If no manual is available, does the machine use a positive displacement pump or gravity/valve or piston arrangement to move the resin into the barrel.  In addition, what is the pressure employed to fill the barrel with the Polylite material.

With respect to the hot stamping operation, please advise us of the diameter of the round horizontal cylinder fixture and how the barrel is held in a fixed position on that cylinder during the stamping operation.  You refer to using a white tape in the hot stamping operation; however, all of the syringe barrels you have sent have a black logo.

Your further information with respect to the above would be most appreciated.

PLC/28596/651/657104v1
12/04/03-HRT/

PEPE&HAZARD LLP

Attorney Diane Bucci                    December 4, 2003
                                        Page 2


        Lastly, do we have a time frame in which you will provide for inspection the materials
that were provided to your expert and to Mr. Rowen.  It has been four weeks since I requested
that they be made available for inspection.

                                        Very truly yours,


                                        Peter L. Costas


PLC:jas
Cc:    Philip J. O'Connor, Esq.
       Mr. Charles Frey

# ROBINSON & COLE LLP

DIANE BUCCI

Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
dbucci@rc.com
Direct (203) 462-7558

Also admitted in New York

December 1, 2003

***Via Facsimile & Federal Express***

Peter L. Costas, Esq.
Pepe & Hazard LLP
225 Asylum Street
Hartford, CT  06103

**Re:  Pit Stop Technologies, Inc. v. Plas-Pak Industries, Inc.**

Dear Mr. Costas:

Enclosed find 6 more Pit Stop syringes as per your request.  I do not have any syringes filled with resin in my possession, but have requested same from Louis Gunsburg, Pit Stop's principal.

With respect to the actual syringe cut and examined by Mr. Tobin, would it suffice for you if Mr. Tobin cuts and examines a few more specimens and we send you one or two of those?  Or are you requesting the opportunity to examine each and every syringe cut and examined by Mr. Tobin?

With respect to your November 18, 2003 correspondence, I have forwarded the request in your second paragraph to my client and await a response.

With respect to your fifth paragraph, in order to set up the mold, there must have been some kind of cutting program, correct?  I would assume the sequence is electronically controlled.  Are there computer numeric control machining systems in place? Are you representing that Plas-Pak uses timers and mechanical relays in order to inject the plastic into the mold cavities?  Also, please confirm that the syringes at issue are manufactured in 19.2 second runs.

Plas-Pak apparently used this 4 (and later 8 cavity) mold to supply other customers, and has represented that Pit Stop is the only customer that complained about the syringes.  This representation renders the other customers' information relevant to



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

STAM1-747350-1

DEC 0 2 2003

# ROBINSON & COLE LLP

December 1, 2003
Page 2

this matter. Therefore, please provide us with information on the various customers serviced by the mold, and the resins used by them.

With respect to your sixth paragraph, would not the increase in time require a change in sequencing?

With respect to your eighth paragraph, please provide us with the information on the changes made to the mold frame and conduits to the individual molds, as well as the design configuration and dimensions.

With respect to your ninth paragraph, in which you state you have explained matters to me two or three times, perhaps you should recheck your files. First, I asked whether the ONLY possible reason for a material change notation on a run sheet is a change of resin for another customer. Second, there are material change notations on several of the run sheets. You have only provided us with documentation on ONE such notation; namely, the material change notation on Document No. 0060. Please provide us with documentation on ALL such notations. For example, Document No. 0070 refers to a material change. Document No. 0071 also refers to a material change. In addition, Document No. 0070 refers to a paper change, which you have not addressed at all. Document No. 0071 refers to a bin change, which you also have not addressed.

I disagree with your assertion that you have provided us with copies of all of the formulations and run sheets used for the Pit Stop syringes. You HAVE NOT provided us with the run sheets for 1998. They are clearly the most relevant to this lawsuit.

With respect to the eleventh paragraph of your letter, I am not representing that Exhibit M(a) contains the specimens cut by Mr. Tobin, as those specimens are still in his possession. I am, however, suggesting that you can run tests on the samples that we sent you.

With respect to your document 0275, this memo does not clarify which data sheet is pertinent to this lawsuit, i.e., which was used in 1998-00. Please provide us with that information.

I hope this letter serves to address your concerns. As always, feel free to contact me with questions or comments.



# ROBINSON & COLE LLP

December 1, 2003
Page 3

Sincerely,

Diane Bucci

Enclosures

cc:   Phillip O'Connor (via facsimile)
      Louis Gunsburg (via facsimile)
      David Burke



# PEPE&HAZARD LLP

LAW OFFICES

225 ASYLUM STREET
HARTFORD, CONNECTICUT  06103-4302
860/522-5175 FACSIMILE 860/522-2796
www.pepehazard.com

PETER L. COSTAS
Attorney At Law
‡Also Admitted in New York
Direct: 860.241.2630
pcostas@pepehazard.com

December 1, 2003

E-MAIL

Diane Bucci, Esq.
Robinson & Cole
693 East Main Street
Stamford CT  06904

Dear Diane:

Pit Stop v. Plas-Pak
Our File – 28596-651/PLAS

With reference to your letter of November 26, 2003, we are back to where we were at the time of the conference with Judge Covello.  Although you may have other cases in which you are involved, the Court does expect attorneys to honor the schedule which it establishes.

We asked you to provide materials which you expert used for purposes of his opinion so that we might avoid taking the expert's deposition.  I have no date when they will be available and our expert cannot really finalize his report until we inspect the materials upon which your expert predicated his opinion.  Thus, this put me in the position of failing to respect the Court's order requiring me not only to advise you of the name and credentials of my expert but also to produce his report.

We cannot keep going back to the judge and asking for extensions of time.  I cannot even prepare a stipulated motion for an extension of time in which to file my expert's report or to take your expert's deposition because I do not know whether and when you are going to provide the materials.

PEPE&HAZARD LLP

December 1, 2003
Page 2


    I look forward to your prompt advice as to when the materials will be made available for inspection.

Very truly yours,

Peter L. Costas

PLC:jas
Cc:   Philip J. O'Connor, Esq.
       Mr. Charles Frey

## Costas, Peter

**From:** Bucci, Diane [dbucci@rc.com]
**Sent:** Wednesday, November 26, 2003 10:30 AM
**To:** Costas, Peter
**Subject:** Pit Stop v. Plas-Pak

Peter,
I received your message but have been out of the office.  You can notice a deposition if you choose.  I have already told you that I do not object to an extension and would expect that you would prefer to file a stipulation, as opposed to a motion, but the choice is yours.  I will fax you a response to your latest correspondence, dated November 18, 2003, as soon as possible.  I'm not sure what else it is that you are looking for.
 Diane

------------------------------------------------------------------------

This transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If it is not clear that you are the intended recipient, you are hereby notified that you have received this transmittal in error; any review, dissemination, distribution or copying of this transmittal is strictly prohibited. If you suspect that you have received this communication in error, please notify us immediately by telephone at 1-860-275-8200, or e-mail at it@rc.com and immediately delete this message and all its attachments.

------------------------------------------------------------------------