THE UNITED STATES DISTRICT COURT
THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| PIT STOP TECHNOLOGIES, INC. | ) | |
| | ) | |
| Plaintiff | ) | CIVIL ACTION NO. |
| | ) | 3:02CV64 (AVC) |
| v. | ) | |
| | ) | |
| PLAS-PAK INDUSTRIES, INC. | ) | |
| | ) | JANUARY 20, 2004 |
| Defendant | ) | |

### MEMORANDUM IN REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO THE MOTIONS OF DAVID J. BURKE AND DIANE BUCCI TO WITHDRAW THEIR APPEARANCES

David J. Burke and Diane Bucci (the "Movants") reply to Plas-Pak Industries, Inc.'s ("Plas-Pak") Memorandum in Opposition dated January 7, 2004 by respectfully reiterating the grounds set forth in their motions to withdraw, which were filed with this Court on December 24, 2003.  In further support of said motions, the Movants state as follows:

1.  Subsequent to the discovery conference held by this Court on August 19, 2003, and subsequent to discussions between Attorney Costas ("Costas") and the Movant Diane Bucci ("Movant Bucci") regarding discovery, Movant Bucci was informed that Louis Gunsberg ("Gunsberg") principal of Pit Stop Technologies, Inc. ("Pit Stop") intended to file a voluntary petition in bankruptcy.

2.  Gunsberg did in fact file a personal bankruptcy on January 9, 2004 (the "Bankruptcy").  Although Movants did not receive Notice of the Bankruptcy, Movant Bucci was able to obtain copies of the Voluntary Petition ("Petition") filed on behalf of

Gunsberg with the U.S. Bankruptcy Court, District of Colorado through that Court's electronic database. A copy of the Petition is attached hereto as Exhibit A.

3. In the Petition, Gunsberg claimed the debts of the corporation as his own individual debts. In fact, the fees owed to Robinson & Cole LLP for the legal services it rendered in this action are listed as claims against the estate in Schedule F, entitled Creditors Holding Unsecured Nonpriority Claims. See Petition, Exhibit A, Tab 2. This fact buttresses Movants' claims that they will not receive the legal fees they are owed for the services rendered in this matter.

4. The potential claims of Plas-Pak Industries, Inc. are also listed as claims. See id.

5. In addition, a Trustee has been appointed in the Bankruptcy. See Docket Sheet for Bankruptcy, attached hereto as Exhibit B. The Trustee in Bankruptcy is assigned to protect the interests of the estate.

6. Gunsberg lists 100% of the outstanding stock in Pit Stop Technologies, Inc. in the Property Schedule. See Petition, Exhibit A, Tab 1. Thus, all of Pit Stop's stock shares are in the possession and control of the Trustee.

7. Therefore, in addition to the reasons to withdraw set forth in the respective Movants' motions to withdraw, it should be noted that pending litigations that could be prosecuted by the debtor are prosecuted only at the behest of, and for the benefit of, the debtor's estate. To date, Movants have not been retained and authorized by the Trustee to pursue any claims Pit Stop has against Plas-Pak in this matter.

**WHEREFORE**, for all of the above stated reasons, the Movants respectfully request that their Motions to Withdraw their Appearances be granted.

**PLAINTIFF**
PIT STOP TECHNOLOGIES, INC.


By:s/<u>DianeBucci</u>_____
David J. Burke (CT04373)
Diane Bucci (CT23763)
**ROBINSON & COLE LLP**
Financial Centre
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
(203) 462-7500

**CERTIFICATE OF SERVICE**

This is to certify that a copy of this Reply was served via certified mail on Mr. Louis Gunsberg, Pit Stop Technologies, Inc. 7100 W. !6th Avenue, Lakewood, CO 80215 on this 20th day of January, 2004, and copies were served via facsimile and by first-class mail, postage prepaid, to the following counsel of record.

Peter L. Costas, Esq.
Pepe & Hazard LLP
225 Asylum Street
Hartford, CT 06103

Philip J. O'Conner
Gordon, Muir & Foley, LLP
10 Columbus Boulevard
Hartford, CT  06106


　　s/Diane Bucci
Diane Bucci